| | | |
|---|---|---|
| UNITED STATES DISTRICT COURT | | SOUTHERN DISTRICT OF TEXAS |

| | | |
|---|---|---|
| A.D. Vision, Inc., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| versus | § | Civil Action H-11-2956 |
| | § | |
| Gainax Co., Ltd., | § | |
| | § | |
| Defendant. | § | |

## Opinion on Jurisdiction

1.   *Introduction.*

A Japanese company that produces television shows and movies says that the court does not have jurisdiction over it for a suit by a company in Texas. The Texas company will prevail.

2.   *Background.*

Gainax is an animation studio in Japan that developed Shinseiki Evangelion, an animated series with twenty-six television episodes and two movies. A.D. Vision, based in Houston, buys licenses to Japanese programs, dubs them with English, and sells them to outlets around the world. Besides its Texas headquarters, Vision has an office in Los Angeles.

In 2003, Gainax granted A.D. Vision an option to use its rights in the series to produce more shows and movies. In 2010, the parties disagreed about Vision's rights in Evangelion, and in 2011, Vision sued Gainax in Houston.

3.   *Jurisdiction.*

Gainax says that this court does not have jurisdiction over it because it is based in Tokyo, Japan, with no business or employees in Texas. Its workers have never visited Texas, and the contract was negotiated and signed in Japan. Vision says that the court has jurisdiction because Gainax contracted with a Texas company to do work in Texas. Gainax says that the contract does not require performance in Texas.

The negotiation and signing of the contract in Japan is not determinative. What determines jurisdiction is the substance of the contract. When Gainax granted the option to Vision, it was necessary that Vision would perform at least some of the contract in Texas.[1] Its headquarters are in Texas. Gainax could foresee Vision's deciding how to proceed with its option, seeking funding for the project, and developing its interest in Evangelion in Texas. The parties had a joint interest in development, making Gainax have an interest in Vision's Texas and other American operations. It is reasonable for the court to exercise jurisdiction.

4. *Service.*

Because Vision did not serve the summons and complaint properly when it delivered them to the Texas Secretary of State, it has begun service under the Hague Convention; it may have more time to serve Gainax.

5. *Conclusion.*

Because Gainax contracted with a Texan for work to be done in Texas., the court's exercising jurisdiction is fair. The motion to dismiss will be denied.

Signed on December 16, 2011, at Houston, Texas.

Lynn N. Hughes
United States District Judge

---

[1] Tex. Civ. Prac. & Rem. Code § 17.042 (2011); *Miss. Interstate Express, Inc., v. Transpo, Inc.*, 681 F.2d 1003, 1007 (5th Cir. 1982).